UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID MARTIN PRICE,

                Plaintiff,

v.                                            Case No. 15-9327-CM

STATE OF KANSAS, et al.,

                Defendants.

## REPORT AND RECOMMENDATION

In his amended complaint, pro se plaintiff David Martin Price brings claims against the State of Kansas, the Kansas Division of Children & Family Services ("DCFS"), Shawnee County, Young & Williams LLC, and Amy Raymond, in her official and individual capacity, for violations of various federal criminal statutes, the United States and Kansas Constitutions, and the Kansas Rules of Civil Procedure.[1] The court granted plaintiff leave to proceed with the case without prepayment of fees pursuant to 28 U.S.C. § 1915.[2]

When a party is proceeding in forma pauperis, § 1915(e) requires the court to screen the party's complaint. The court must dismiss the case if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be

---

[1] ECF doc. 6.

[2] ECF doc. 7.

granted, or (3) seeks monetary relief from a defendant who is immune from suit.[3] The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[4] The screening procedure set out in § 1915(e) applies to all litigants, prisoners and non-prisoners alike.[5]

In applying § 1915(e) to the pleadings of a pro se litigant, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[6] This does not mean, however, that the court must become an advocate for the pro se plaintiff.[7] "To state a claim, the plaintiff must provide 'enough facts to state a claim to relief that is plausible on its face.'"[8] The "court need not accept allegations that state only legal conclusions."[9] Dismissal is appropriate when "it is obvious

---

[3] 28 U.S.C. § 1915(e)(2)(B).

[4] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[5] *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[6] *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).

[7] *Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010).

[8] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Peoples v. Langley/Empire Candle Co.*, No. 11-2469, 2012 WL 171340, at *1 (D. Kan. Jan. 20, 2012) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

that the plaintiff cannot prevail on the facts []he has alleged and it would be futile to give [him] an opportunity to amend."[10] Such is the case when, for example, a plaintiff cannot assert a basis for subject matter jurisdiction.[11]

Though plaintiff's amended complaint is difficult to comprehend, it appears that plaintiff's allegations stem from child custody and child support proceedings in the District Court of Shawnee County, Kansas and appeals therefrom. Plaintiff's amended complaint contains eight counts. Count I alleges that the Shawnee County Court denied plaintiff and his attorneys access to records to which plaintiff was legally entitled as a parent in the context of a child custody action. Counts II, VI, and VIII allege that the Shawnee County Court failed to address various motions filed by plaintiff in the context of child custody and child support proceedings, constituting a violation of the Kansas Rules of Civil Procedure, obstruction of justice and denial of equal access to courts under 18 U.S.C. § 1505 *et seq.*, and judicial malfeasance and judicial misconduct, respectively. Count III alleges that plaintiff was denied counsel multiple times, including on appeal before the Kansas Court of Appeals, in violation of the Sixth Amendment to the U.S. Constitution and § 10 of the Kansas Bill of Rights.[12] Count III additionally alleges that the Kansas Court of Appeals

---

[10] *Phillips v. Layden*, 434 Fed. App'x 774, 775 (10th Cir. 2011) (internal quotation and citation omitted).

[11] *Wright v. Alexander*, 559 F. App'x 765, 765 (10th Cir. 2014).

[12] Plaintiff alleges elsewhere in his amended complaint that the lower courts dictated the issues plaintiff's counsel could proceed with, allowed plaintiff's counsel to withdraw at the end of his case, and would not allow plaintiff's counsel to appeal on his behalf. Specifically referencing Judge Joseph Johnson, plaintiff alleges that he was forced to address the court

committed fraud in denying his appeal, and that the Kansas Supreme Court wrongfully denied plaintiff's Petition to Review. Count IV alleges that Shawnee County Court arrested plaintiff for failure to pay child support from May 15, 2014 until September 18, 2014, despite the court's lack of jurisdiction due to the prior termination of plaintiff's parental rights, constituting violations of 25 C.F.R. § 11.404, 42 U.S.C. § 1983, and 18 U.S.C. §§ 241-42.[13] Count V alleges that the State of Kansas billed plaintiff's insurance for his daughter's medical treatment for injuries sustained while in the state's care and control, constituting medical fraud under 18 U.S.C. § 1347.   Count VIII cites 18 U.S.C. §§ 241-42 and 42 U.S.C. § 1983, and alleges that "[t]he above referenced agencies, or Individuals had failed to report both, the constitutional violations, as well as, crimes (Wrongful Arrest & Medical Malpractice) in which had transpired within this case, whereby they should all be held accountable by law, as co-conspirators in this action…"  Plaintiff seeks damages, punitive damages, and an order from this court "to set case law precedence that in the future if the State of Kansas violates, interferes, or hinders the parents rights to their

---

without counsel in order to be released from the Shawnee County Department of Corrections.

[13] Plaintiff suggests elsewhere in his amended complaint that "the State of Kansas is promoting Child Trafficking through Foster Care System, in which is contracted through the court…which goes into a court general fund, and 15% to 25% of that goes into the judges retirement funding, as well as, theft of Federal Title IV and X funds through contracts, in which deals ends up in trust funds…in which undisclosed information is currently that now the USDOJ is tracking routing numbers overseas, on these trust funds, due to these very same individuals responsible are currently attempting to circumvent the governments tracking of any currency 10 thousand or more in banks and are currently now, shipping these trust funds overseas."

children, then the State shall not be able to collect child support."

As an initial matter, the court notes that plaintiff cites various federal criminal laws within Title 18 of the United States Code—specifically, 18 U.S.C. §§ 241, 242, 1347, 1505—none of which provide a private right of action.[14]  Section 11.404 of Title 25 of the Code of Federal Regulations is similarly inapplicable.[15]  To the extent plaintiff brings claims under federal law, the court construes plaintiff's allegations as claims under 42 U.S.C. § 1983 for the deprivation of constitutional rights.

The Eleventh Amendment prohibits federal suits against unconsenting states, and those entities that may be considered an arm of the state.[16]  In this case, there is no indication that the State of Kansas has consented to the lawsuit or that Congress has abrogated Eleventh Amendment immunity and, therefore, the State of Kansas is immune from suit.[17]

Plaintiff's claims against DCFS and Shawnee County are similarly precluded by the Eleventh Amendment.  As "the agency through which the state acts in all matters that

---

[14] *Henry v. Albuquerque Police Dept.*, 49 Fed. App'x 272, 273 (10th Cir. 2002) (noting that § 241, § 242, and § 1505 of Title 18 are criminal statutes and do not authorize a private right of action); *Jason v. Group Health Co-op. Inc.*, 530 Fed. App'x 630, 631 (9th Cir. 2013) ("there is no private right of action under 18 U.S.C. § 1347").

[15] 25 C.F.R. § 11.404.

[16] *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013).

[17] *See, e.g., Muscogee (Creek) Nation v. Oklahoma Tax Com'n*, 611 F.3d 1222, 1227 (10th Cir. 2010) ("[Section] 1983 does not abrogate a state's sovereign immunity") (citing *Quern v. Jordan*, 440 U.S. 332, 338-40 (1979)).

relate to children who are found to be in need of care," the Kansas Department for Children and Families ("DCF") is considered an arm of the state.[18] Although plaintiff has named Shawnee County as a defendant, the allegations in plaintiff's amended complaint refer only to Shawnee County Court. Shawnee County Court is a Kansas state district court that is a subdivision of the state and entitled to sovereign immunity.[19] To the extent plaintiff might seek relief from Shawnee County based on the judicial decisions of various non-party Shawnee County district judges referenced in plaintiff's amended complaint, district judges are state officials.[20] Moreover, plaintiff's amended complaint makes no reference to any county policy or custom; nor does plaintiff identify any act or omission attributable to the county.[21]

Plaintiff's amended complaint makes no factual allegations at all concerning defendants Young & Williams LLC or Amy Raymond, in her official and her individual capacity. Indeed, with the exception of the case caption, the amended complaint is devoid

---

[18] *McCollum v. Kansas*, No. 14-cv-1049, 2014 WL 3341139, at *6 (D. Kan. July 8, 2014), *aff'd* 599 Fed. App'x 841 (10th Cir. 2015).

[19] KANSAS CONST. art. III, § 6; *see also Sigg v. District Court of Allen Cnty*, No. 06-2436, 2007 WL 913926, at *6 (D. Kan. Mar. 23, 2007) ("the District Court is an agency of the State of Kansas and is entitled to sovereign immunity") (internal citations omitted), *aff'd*, 253 Fed. App'x 746 (10th Cir. 2007).

[20] *Van Deelen v. Fairchild*, No. 05-2017, 2005 WL 3263885, at *4 (D. Kan. Dec. 1, 2005).

[21] *Seifert v. Unified Govt. of Wyandotte Cnty./Kansas City*, 779 F.3d 1141, 1159 (10th Cir. 2015) ("[u]nder Section 1983, municipalities cannot be held liable for the actions of others under the common law principle of *respondeat superior*; they are responsible only for their *own* actions.") (quoting *Simmons v. Uintah Health Care Special Dist.*, 506 F.3d 1281, 1284 (10th Cir. 2007)).

of any reference to Young & Williams LLC.  Amy Raymond is referenced only once in plaintiff's amended complaint, in the context of Count VIII, which contains only the following vague and conclusory allegation: Amy Raymond "not only committed these atrocities, but had directly interfered and obstructed justice, as a non-party in Federal proceeding to cover up her actions committed in this case, specifically to wit: USDC for the District of Kansas Case numbers: 14-4080-EFM-KGS, 14-3079-SAC-DJW, and 10th Circuit case no: 13-3237."

Because plaintiff's amended complaint seeks monetary damages from defendants immune from suit and fails to state viable legal claims, the undersigned U.S. Magistrate Judge, James P. O'Hara, recommends that U.S. District Judge Carlos Murguia dismiss this case under 28 U.S.C. § 1915(e)(2).

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation.  Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition.  If no objections are timely filed, no appellate review will be allowed by any court.

A copy of this report and recommendation shall be sent to plaintiff by regular and certified mail.

Dated November 12, 2015, at Kansas City, Kansas.

/s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge