**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DAVID MARTIN PRICE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 15-9327-CM |
| ) | |
| **STATE OF KANSAS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### MEMORANDUM AND ORDER

Plaintiff filed suit against the State of Kansas, Kansas Division of Children & Family Services, and Shawnee County on October 16, 2015. (Doc. 1.) Plaintiff also filed a motion for leave to proceed in forma pauperis. (Doc. 3.) On October 26, 2015, plaintiff filed an amended complaint against defendants State of Kansas, Kansas Division of Children & Family Services, and Shawnee County. Plaintiff also added defendants Young & Williams LLC and Amy Raymond, in her official and individual capacity to the case caption. (Doc. 6.) On November 12, 2015, U.S. Magistrate Judge James P. O'Hara issued a report and recommendation after screening the amended complaint under 28 U.S.C. § 1915(e). (*See* Doc. 10.) Judge O'Hara recommends that this court dismiss the case because plaintiff's amended complaint seeks monetary damages from defendants immune from suit and fails to state a claim upon which relief may be granted. (*See* Doc. 10 at 7.) Plaintiff filed his Objections to the Report [and] Recommendation Dated 11/12/2015 by U.S. Magistrate James P. O'Hara (Doc. 12) on November 24, 2015, within the fourteen-day period prescribed by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72. He also filed his Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel (Doc. 13) and Motion for an Emergency Hearing for the Report and

-1-

Recommendation Filed by the Magistrate James P. O'Hara, as well as, [sic] the Petitioners [sic] Objections (Doc. 14).

## I. OBJECTION TO REPORT AND RECOMMENDATION

Upon objection to a magistrate judge's order on a dispositive matter, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(B)(3). Objections are proper only if they are both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* If objections are not timely or properly made, the court has broad discretion to review the recommendation under any standard that it finds appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Aware of plaintiff's pro se status, the court liberally construes plaintiff's pleadings. *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997). Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts upon which a recognized legal claim could be based." *Id.*

As already noted, plaintiff filed his objection within fourteen days of the report and recommendation in his case. Therefore, his objection is timely. However, plaintiff's objection is largely unintelligible. It appears to string large quotes from unrelated cases, and plaintiff makes little attempt to show how the quotes are relevant to his amended complaint. To the extent the court can

construe the objection as raising legal issues, they were fully addressed by Judge O'Hara and the objection does not undermine the report and recommendation.[1]

Although unnecessary under the circumstances, the court has conducted a de novo review and agrees with Judge O'Hara's conclusion that plaintiff's amended complaint fails to state a claim and seeks monetary damages against defendants who are immune. Plaintiff's objections are overruled, and the court accepts the Report and Recommendation (Doc. 10) and adopts it as its own.

## II. MOTION TO APPOINT COUNSEL

Plaintiff also requests that the court appoint counsel for him. A party in a civil action has no right to appointment of counsel; however, within its sound discretion, the court may appoint counsel pursuant to § 1915(e)(1) for a civil litigant proceeding in forma pauperis. *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). In deciding whether to appoint counsel, the court considers the merits of plaintiff's claims, the nature of the factual issues he raises, plaintiff's ability to present his claims, and the complexity of the legal issues raised by the claims. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Here, plaintiff's claims lack merit. Therefore, the court denies plaintiff's motion to appoint counsel.

## III. MOTION FOR EMERGENCY HEARING

The court finds that a hearing on the merits of plaintiff's arguments would not be helpful in determining the motion. Therefore, the court denies plaintiff's motion for an emergency hearing (Doc. 14).

---

[1] To the extent plaintiff's objection argues that he pled that Amy Raymond and Young & Williams conspired to commit fraud, plaintiff's amended complaint (and objection) lacks any particularized actual facts supporting such a claim. Plaintiff also quotes from a case stating that judges may be liable for actions taken without jurisdiction. No facts, however, support that the courts in plaintiff's underlying cases acted without jurisdiction. Plaintiff also filed what he titled "Amended New Evidence to Support the Petitioners [sic] Claim." (Doc. 15.) The filing does not raise new facts or support valid legal theories under which plaintiff could recover.

**IT IS THEREFORE ORDERED** that plaintiff's objection to Judge O'Hara's Report and Recommendation (Doc. 12) is overruled.  The court accepts the Report and Recommendation (Doc. 10) and adopts it as its own.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel (Doc. 13) and Motion for an Emergency Hearing for the Report and Recommendation filed by the Magistrate James P. O'Hara, as well as, [sic] the Petitioners [sic] Objections (Doc. 14) are both denied.

Dated this 29th day of August, 2016, at Kansas City, Kansas.

    s/ Carlos Murguia\_\_\_\_\_
**CARLOS MURGUIA**
**United States District Judge**